```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
EVELYN TERRY,                     :
          Plaintiff pro se,       :
                                  :   13cv7873
                                  :
          -against-               :   MEMORANDUM & ORDER
                                  :
NEW YORK CITY DEPARTMENT OF       :
EDUCATION, et al.,                :
          Defendants.             :
----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/11/15

WILLIAM H. PAULEY III, District Judge:

Pro se Plaintiff Evelyn Terry brings this federal civil rights action against the New York City Department of Education (the "BOE"), and various individually named Defendants. The BOE moves to dismiss Terry's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the BOE's motion is granted.

## BACKGROUND

Terry was a special education teacher at Belmont Preparatory High School in the Bronx. (Compl. at 6; Grey Decl. Ex. C at 2.) She had more than 22 years of teaching experience. In 2009, the BOE began disciplinary proceedings against Terry under Section 3020-a of the New York Education Law ("3020-a Hearing"). The BOE charged Terry with excessive absences stemming from various health issues over four school years between 2005 and 2009. (Grey Decl. Ex. A at 2.) In October 2010, after an extensive hearing, a hearing officer found that although Terry was a skilled teacher, her cumulative absences were "just cause" for her termination. (Grey Decl. Ex. A at 19.) The BOE terminated Terry in November 2010. (Compl. at 5.) Thereafter, she filed a C.P.L.R. Article 75 proceeding in New York State Supreme Court (the "Article 75 Proceeding"), seeking to vacate the arbitrator's decision. (Grey Decl. Exs. B,

C.) On August 25, 2011, Justice Joan B. Lobis denied Terry's petition and confirmed the arbitrator's decision. (Grey Decl. Ex. C.)[1]

Terry filed this action on November 4, 2013. In March 2014, she interposed an amended complaint, ostensibly pursuant to Section 1983, claiming that she was denied procedural and substantive due process in the 3020-a Hearing. Terry also claims that she was "a victim of retaliation" for standing up for her rights against the BOE and refusing to "waive [her] constitutional rights" by signing a settlement agreement with the BOE. (Compl. at 4-7, 17.)

## LEGAL STANDARD

When considering motions to dismiss, courts accept the material facts alleged in a complaint as true and draw all reasonable inferences in plaintiff's favor. Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). Nonetheless, "factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007) (requiring plaintiff to plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [his claim]"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A court's "consideration [on a motion to dismiss] is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to

---

[1] For purposes of a motion to dismiss, the complaint is "deemed to include any . . . documents incorporated in it by reference." Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (internal quotations omitted).

matters of which judicial notice may be taken." Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991).

A pro se litigant's submissions are held to "less stringent standards than [those] drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions 'to raise the strongest arguments they suggest.'" Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (internal citations omitted). Nevertheless, the court need not accept as true "conclusions of law or unwarranted deductions of fact." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (internal citations omitted).

## DISCUSSION

While this Court empathizes with Terry, her federal civil rights claims are barred by the three year statute of limitations. The statute of limitations for federal civil rights claims in New York is three years, see Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 331 (2d Cir. 1997), and a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of [her] action." Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotations omitted). Terry claims she was denied due process during the 3020-a Hearing, which began on December 8, 2009 and concluded on March 17, 2010. On October 22, 2010, the 3020-a Hearing officer issued his Opinion and Order and concluded that the appropriate penalty for Terry's absences was termination. Thus, she had reason to know of her injuries no later than October 22, 2010. She did not file her complaint until November 4, 2013, more than three years later.

Nevertheless, this Court also addresses the underlying merits of her due process and retaliation claims. Procedural due process requires an opportunity to be heard at a meaningful time and in a meaningful manner. See Calhoun v. N.Y.S. Div. of Parole Officers, 999 F.2d 647, 653 (2d Cir. 1993). In particular, "the tenured public employee is entitled to oral or written notice of the charges against [her], an explanation of the employer's evidence, and an opportunity to present [her] side of the story." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). A substantive due process claim must allege governmental conduct that "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." County of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998).

Prior to her termination, Terry received a 3020-a Hearing and exercised her post-deprivation right to an Article 75 Proceeding. See Roemer v. Bd. of Educ., 150 Fed. Appx. 38, 40 (2d Cir. 2005) (noting that a 3020-a Hearing "provides all the process due"). During the 3020-a Hearing, Terry was permitted to submit evidence, call witnesses, and defend herself against the claims. Indeed, the hearing spanned eleven days, including two days of negotiations and a day of closing arguments. Following the hearing, she received an exhaustive written decision from the hearing officer. Justice Lobis affirmed the hearing officer's determination in the Article 75 Proceeding. Her amended complaint does not plausibly allege that she was denied procedural or substantive due process in connection with her termination.

Reading the amended complaint liberally, Terry also alleges that she was terminated in retaliation for filing "work related" grievances and inquiring about her workman's compensation checks. (Compl. at 6.) While it is difficult to characterize Terry's retaliation claim, it arguably could arise under the First Amendment. Originally, she couched it as a Title

VII claim. Although she received a right-to-sue letter from the EEOC in August 2011 (see Grey Reply Decl. Ex. D), Terry needed to initiate this employment discrimination action within 90 days to assert a timely claim. She did not do so, and her retaliation claims are dismissed as untimely. See Sherlock v. Montefiore Medical Center, 84 F.3d 522, 525 (2d Cir. 1996) ("In order to be timely, a claim under Title VII . . . must be filed within 90 days of the claimant's receipt of a right-to-sue letter.").

## LEAVE TO AMEND

"A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Dolan v. Connolly, 14 Civ. 2561, 2015 WL 4477342, at *4 (2d Cir. Jul 23, 2015) (internal citations and quotations omitted). Terry already had one chance to amend her complaint. There is no indication that she could assert a valid claim if given yet another opportunity to replead. This Court and the BOE went to great lengths to construe Terry's claims liberally.

Moreover, the docket sheet reveals that the non-moving individually named Defendants have not been properly served with process in this Action. (See ECF Nos. 20-26.) Because Terry's claims against them are identical to her claims against the BOE, it is appropriate for this Court to exercise its discretion to dismiss the amended complaint against all Defendants.

## CONCLUSION

For the foregoing reasons, the New York City Department of Education's motion to dismiss Evelyn Terry's amended complaint is granted. Because this Court finds that Terry cannot plead any facts that would plausibly state a claim for relief, this Court dismisses the

action against all Defendants without leave to replead. The Clerk of the Court is directed to terminate all pending motions and mark this case as closed.

This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: August 11, 2015
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Evelyn Terry
P.O. Box 32434
Newark, NJ 07102
*Plaintiff pro se*

William Andrew Grey
New York City Law Department
100 Church Street
New York, NY 10007
(718) 222-2018
*Counsel for Defendant*